2009 UT App 187

**H.C., a minor, by and through her Guardian Ad Litem, Daniel COVINGTON, Plaintiff and Appellant,**

v.

**Jonathan JOHNSON and Pamela Johnson, individuals, Defendants and Appellees.**

No. 20080626–CA.

Court of Appeals of Utah.

July 16, 2009.

Larry G. Reed and Brian W. Steffensen, Salt Lake City, for Appellant.

Kathleen G. Arnovick, Holladay, for Appellees.

Before Judges BENCH, ORME, and DAVIS.

MEMORANDUM DECISION

BENCH, Judge:

¶ 1 Daniel Covington appeals the dismissal of his suit on behalf of his daughter, H.C., against Defendants Jonathan and Pamela Johnson, claiming that the trial court erred in concluding that he had no standing

to sue because of his status as a noncustodial parent who lacked a right to parent-time. On appeal, Covington asserts that under Utah Code section 78B–3–102(1), *see* Utah Code Ann. § 78B–3–102(1) (2008), natural parents have standing to sue on behalf of their minor children. Whether a party has "statutory standing" to bring an action presents a question "of statutory interpretation, which we review for correctness." *Washington County Water Conservancy Dist. v. Morgan,* 2003 UT 58, ¶ 7, 82 P.3d 1125.

¶ 2 Covington is the biological father of H.C., a minor child, and the ex-husband of Ms. Johnson, H.C.'s biological mother. Covington brought suit on behalf of H.C. against Ms. Johnson and Mr. Johnson, H.C.'s stepfather, describing himself as H.C.'s "Guardian Ad Litem."[1] In the complaint, Covington asserted a claim of battery against Mr. Johnson and a claim of negligence against Ms. Johnson. He also requested injunctive relief.

¶ 3 Defendants responded to the complaint with a motion to dismiss, arguing that Covington lacked standing to bring an action on H.C.'s behalf because he was not her general guardian or guardian ad litem. Defendants asserted that in suits on behalf of minors, rule 17(b) of the Utah Rules of Civil Procedure limits standing to only general guardians and guardians ad litem. *See* Utah R. Civ. P. 17(b). Defendants contended that Covington did not qualify as a general guardian because he did not have the right of visitation with H.C. or general care and control of her. In fact, at the time the complaint was brought, Ms. Johnson had been awarded exclusive legal and physical custody of H.C. and H.C. had been living with Defendants. Defendants also indicated that Covington had not been appointed as guardian ad litem of H.C. and that H.C. had an actual guardian ad litem appointed in the parties' prior divorce case.

¶ 4 Covington claims that the trial court erred when it dismissed the complaint and determined "[t]hat because Daniel Covington is not the guardian or guardian ad litem of [H.C.], he does not have standing to bring the action." With respect to standing in suits involving minor plaintiffs, rule 17(b) states, "An unemancipated minor ... who is a party must appear either by a general guardian or by a guardian ad litem appointed in the particular case by the court in which the action is pending." *Id.* However, Utah Code section 78B–3–102(1) expressly provides that "a *parent or guardian* may bring an action for the *death or injury* of a minor child when the injury or death is caused by the wrongful act or neglect of another." Utah Code Ann. § 78B–3–102(1) (emphases added). The question, then, is whether rule 17(b) can be used to deny a natural parent whose parental rights have not been terminated the standing granted by Utah Code section 78B–3–102(1).

¶ 5 The case *Moreno v. Board of Education,* 926 P.2d 886 (Utah 1996), controls our analysis. In *Moreno,* a biological mother who had not had physical custody of her child for almost a decade petitioned to intervene in a wrongful death action brought against the Board of Education by her child's legally appointed guardians. *See id.* at 887–88, 892. The district court denied her petition and the Utah Supreme Court reversed the denial, holding that the mother had standing to maintain an action for the death of her child pursuant to a prior version of Utah Code section 78B–3–102(1). *See id.* at 888–89 (citing Utah Code Ann. § 78–11–6 (1992)).

¶ 6 The supreme court noted that "even after the parental right of custody has been terminated and physical custody of the child is placed in a guardian, the parent retains certain rights with respect to the child." *Id.* at 889. These "[r]esidual parental rights and duties" include, but are not limited to, "the responsibility for support, the right to consent to adoption, the right to determine the child's religious affiliation, and the right to reasonable visitation unless restricted by the court." *Id.* at 889–90 (internal quotation marks omitted). The supreme court specifically noted that "[o]ther residual parental rights include the right to inherit from a child and vice versa ... and the right to maintain an action for the wrongful death

---

1. It is apparent from the record that the trial court never appointed Covington as guardian ad litem for H.C. Covington incorrectly gave that title to himself.

of a child." *Id.* at 890 (citation omitted). The court also indicated that noncustodial parents retain these rights until the rights are officially terminated by noting that "there is a distinct procedure for the termination of all parental rights." *Id.*

¶ 7 We find *Moreno* determinative. Like the mother in *Moreno,* Covington may lack custody of H.C. but his parental rights have not been terminated. Thus, he retains residual parental rights, which include the right to bring a suit for H.C.'s injuries pursuant to Utah Code section 78B–3–102(1).

¶ 8 We therefore conclude that the trial court erred by dismissing Covington's complaint brought on behalf of H.C. While rule 17(b) may purport to limit standing to general guardians and guardians ad litem, section 78B–3–102(1) expressly grants standing to parents as well as guardians in actions related to the minor's injury or death. Covington, as a biological father whose parental rights have not been terminated, has statutory standing to bring an action on behalf of his minor child to recover for the child's injuries.

¶ 9 Accordingly, we reverse and remand.

¶ 10 WE CONCUR: GREGORY K. ORME and JAMES Z. DAVIS, Judges.